IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shazjuan Sadiq Shabazz, #196841,   ) | C/A No. 2:15-cv-3321-MGL-MGB |
| ) | |
| Petitioner,   ) | |
| v.   ) | |
| ) | REPORT AND RECOMMENDATION |
| Robert Stevenson, Warden,   ) | |
| ) | |
| Respondent.   ) | |
| _____ ) | |

The Petitioner, a state prisoner appearing *pro se*, seeks habeas relief pursuant to 28 U.S.C. § 2254.  This matter is before the Court on Respondent's Motion for Summary Judgment. (Dkt. No. 10; *see also* Dkt. No. 9.)  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this Magistrate Judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court. For the reasons stated herein, the undersigned recommends that the Respondent's Motion for Summary Judgment (Dkt. No. 10) be granted.

The Petitioner filed this habeas action on August 19, 2015. (Dkt. No. 1-2.) On October 29, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 10; *see also* Dkt. No. 9.) The following day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  (Dkt. No. 11.)  On December 4, 2015, Petitioner filed his Motion in Opposition to Summary Judgment. (Dkt. No. 13.) The Defendant filed a Reply on December 14, 2015. (Dkt. No. 14.)

## PROCEDURAL HISTORY

Petitioner, Shazjuan Sadiq Shabazz, #196841, is presently confined in the Broad River Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his conviction and sentence in Pickens County. The Pickens County Grand Jury indicted Petitioner in October of 2008 for possession of a weapon during a violent crime, kidnapping, attempted armed robbery, and criminal sexual conduct, first degree ("CSC"). (Dkt. No. 9-4 at 21-28.)

John DeLong, Esq., represented the Petitioner. On December 15-17, 2008, the Petitioner was tried by a jury on all four charges before the Honorable Larry R. Patterson, South Carolina Circuit Court Judge. (Dkt. Nos. 9-1; 9-2; 9-3; 9-4 at 1-18.) The jury found the Petitioner guilty of kidnapping and criminal sexual conduct, first degree, and not guilty of attempted armed robbery and possession of a weapon during a violent crime. (Dkt. No. 9-4 at 15.) Judge Patterson sentenced Petitioner to twenty-three (23) years of incarceration on each charge to be served concurrently. (Dkt. No. 19-4 at 19.)

The Petitioner timely served and filed a Notice of Appeal on or before December 23, 2008. (Dkt. No. 9-6.) On appeal, the Petitioner was represented by Lanelle Cantey Durant, Appellate Defender with the South Carolina Commission on Indigent Defense. (Dkt. No. 9-7.) The Petitioner's appeal was perfected with the filing of a Final Anders Brief of Appellant. (*Id.*). The Petitioner's counsel asserted two arguments in the Anders Brief. (*Id.*) Counsel contended that the trial court erred by allowing a statement the victim made to her friend, Jamie, that Petitioner had a gun to be admitted as an excited utterance exception to the rule against hearsay. (*Id.*) Additionally, counsel asserted that the trial court erred in allowing the verdicts of guilty for

the CSC and kidnapping charges to stand when it was an inconsistent verdict since the jury found appellant not guilty of the possession of a gun during a crime of violence. (*Id.*)

The Petitioner also filed a *Pro Se* Brief of Appellant. (Dkt. No. 9-9.) In his *pro se* brief, the Petitioner argued that the trial court committed constitutional error by not granting his motion for a directed verdict. (*Id.*) In an unpublished opinion filed November 4, 2010, the South Carolina Court of Appeals dismissed the Petitioner's appeal. (Dkt. No. 9-10.) In the opinion, the Court of Appeals noted that the Petitioner appealed his conviction for CSC and kidnapping and noted the arguments brought by counsel and the Petitioner. (*Id.*) After a review of the record and both briefs pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Williams*, 305 S.C. 116, 406 S.E.2d 357 (1991), the Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (*Id.*) The Remittitur was issued on November 22, 2010. (Attachment No. 9-11).

Petitioner filed his Post-Conviction Relief (PCR) Application (2011-CP-39-00349) on March 15, 2011. (Dkt. No. 9-4 at 31-36.) Petitioner subsequently filed an Amended Application for PCR on November 18, 2011. (*Id.* at 37-39.) In the Amended Application, Petitioner raised three claims. The Petitioner's first claim contended that trial counsel was ineffective because he failed to adequately investigate Petitioner's case. The Petitioner further stated that counsel failed to object to certain comments. The Petitioner alleged that counsel failed to call key witnesses to refute the accusation against the Petitioner. The Petitioner's second claim alleged that he was actually innocent. Specifically, he asserted that there was a reasonable probability that he was actually innocent because the jury found him not guilty of the possession of a pistol and the attempted armed robbery. The Petitioner's third claim was that the errors in his trial violated his right to due process. The State made its Return on July 8, 2011. (*Id*. at 40-43.)

The Honorable Edward W. Miller held an evidentiary hearing on the Petitioner's PCR claims on April 2, 2012. (Dkt. No. 9-4 at 45-90.) Petitioner was present at the hearing and was represented by David Price, Esq.. By his Order of Dismissal filed May 1, 2012, Judge Miller found that Petitioner had not established any constitutional violations or deprivations and, accordingly, denied and dismissed the PCR application with prejudice. (*Id.* at 92-99.)

Following the Order of Dismissal, the Petitioner, represented by Mr. Price, timely filed a notice of appeal. (Dkt. No. 9-13.) Katherine H. Hudgins, Esq., represented the Petitioner on his PCR appeal and filed a *Johnson* petition for writ of certiorari. (Dkt. No. 9-14.) The *Johnson* petition argued that the PCR court erred by refusing to find counsel ineffective for not calling a witness to impeach the victim's credibility. (*Id.*) The Petitioner did not file a *pro se* response to the *Johnson* Petition.

By an order issued July 11, 2013, the Supreme Court of South Carolina denied the Petition for Writ of Certiorari. (Dkt No. 9-16.) The Supreme Court issued a remittitur on July 29, 2013, which was filed by the Pickens County Clerk of Court on July 31, 2013. (Dkt. No. 9-17.)

The Petitioner filed a previous Petition for Habeas Relief with this court on February 28, 2014. *See Shabazz v. McFadden et al.,* C/A No. 2:14-CV-00747-MGL (D.S.C.). The Petitioner voluntarily dismissed the previous Petition. Prior to recommending that the District Court dismiss Petitioner's case, the magistrate judge warned the Petitioner that any subsequent petition would be untimely. *See* Shabazz, C/A No. 2:14-CV-00747-MGL at ECF 27 (D.S.C. September, 5, 2014).

Following the dismissal of the Petitioner's first petition, the Petitioner filed a writ of habeas corpus in the Supreme Court of South Carolina on July 8, 2015. (Dkt. No. 14-1.) The

Supreme Court of South Carolina issued an Order on July 23, 2015 denying the Petitioner's writ. (Dkt. No. 14-2.)

## GROUNDS FOR HABEAS RELIEF

Petitioner filed the instant habeas petition (Dkt. No. 1) on August 19, 2015, wherein he raised the following ground for review (verbatim):

**GROUND ONE**: Actual Innocence

**Supporting facts:** See attached Memorandum in Support

**GROUND TWO**: Ineffective Assistance of Counsel

**Supporting facts:** See attached Memorandum in Support

## FACTS PRESENTED AT TRIAL

On February 10, 2008, the victim, a nineteen year old college student, went to Walmart to get a drink at approximately 12:30 a.m. after a night out with friends. (Dkt. No. 9-1 at 78-80.) As the victim was leaving, she was approached in her vehicle by the Petitioner, whom she did not know. (*Id.* at 80-81.) The Petitioner stated that his car was broken down, and he needed a ride. (*Id.*) The victim agreed to give the Petitioner a ride. (*Id.*) Shortly after entering the vehicle, the Petitioner pulled out a gun, held it to the victim, and told her to pull over to the side of the road. (*Id.* at 81-82.) The Petitioner then went through the victim's purse, but she did not have any money. (*Id.* at 84.) The Petitioner told the victim to remove her pants, and she complied. (*Id.* at 85.) The Petitioner proceeded to perform oral sex on the victim and then had intercourse with her against her will. (*Id.* at 86-88.) The Petitioner then checked her wallet again for money, lit a cigarette, and walked towards the Walmart. (*Id.* at 88-89.) The victim found a used condom on the floorboard of her car. (*Id* at 89.) The victim's mother called the police the following morning. (*Id.* at 92.)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." *Id.* (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)); *see also Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320, 322-23 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## DISCUSSION

The Petitioner filed his petition for habeas relief outside of the statute of limitations, and the Respondent is entitled to judgment as a matter of law. As noted above, this matter is before the Court upon Respondent's Motion for Summary Judgment (Dkt. No. 10; *see also* Dkt. No. 9.) Respondent contends, *inter alia*, that the instant habeas petition is barred by the statute of limitations. (Dkt. No. 9.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, a person "in custody pursuant to the judgment of a State court" and who seeks federal habeas relief is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The Petitioner's judgment of conviction became final "when his time for seeking review with the State's highest court expired." *Gonzalez v. Thaler*, 132 S. Ct. 641, 654, 181 L. Ed. 2d 619 (2012) (clarifying the Court's prior cases concerning 28 U.S.C. § 2244(d)(1)(A)). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2).

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be considered timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." *Id.* at 650.

The undersigned recommends granting Respondent's Motion for Summary Judgment because the instant petition is barred by the statute of limitations. Petitioner did not timely file within the one-year limitations period in § 2244(d)(1)(A). Petitioner's conviction became final on February 2, 2011, the day his time to file a Writ of Certiorari to the Supreme Court of the United States expired and ninety days after the Court of Appeals issued its opinion denying his

appeal. *See* U.S. SUP. CT. R. 13; *see also State v. Lyles*, 381 S.C. 442, 445, 673 S.E.2d 811, 813 (2009) (noting South Carolina Supreme Court would no longer entertain petitions for writ of certiorari in cases where the South Carolina Court of Appeals engaged in an Anders review). The statute of limitations to file his petition began to run the day after his conviction became final, February 3, 2011, and continued to run until he filed his PCR Application on March 15, 2011. (Dkt. No. 9-4 at 31-36.) At the time he filed his PCR Application, forty-one (41) days had passed since his conviction had become final leaving 324 days to file his Petition.

      The statute of limitations was subject to tolling during the pendency of the Petitioner's PCR proceeding and appeal. By its Order issued July 11, 2013, the Supreme Court of South Carolina denied the Petition for Writ of Certiorari. (Dkt No. 9-16.) The Supreme Court issued a remittitur on July 29, 2013, which was filed by the Pickens County Clerk of Court on July 31, 2013. (Dkt. No. 9-17.)  Out of an abundance of caution, this court will allow the statute to be tolled through the filing of the remittitur.[1] The statute of limitations therefore began to run again on August 1, 2013, and ran until the Petitioner filed his Petition. Pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), the Petitioner filed the instant Petition on August 19, 2015. (Dkt. No. 1-2.) Therefore, 748 days passed between the date the remittitur was filed with the Pickens County Clerk of Court and the date Petitioner filed his Petition.  As of the filing of the Petition, 789 days had run against the one (1) year statute of limitations.  Therefore, the Petitioner was 424 days beyond the deadline imposed by the statute of limitations.

      The Petitioner has not established that he is entitled to equitable tolling; he has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his

---

[1] District Courts in South Carolina have routinely held that tolling ended when the Supreme Court of South Carolina denied the writ of certiorari. *See e.g. Smith v. Warden, Lieber Corr. Inst.*, No. 4:13-CV-3090-BHH, 2014 WL 5503529, at *6 (D.S.C. Oct. 30, 2014); *Lewis v. Cartledge*, No. 1:12-CV-2584-SB, 2014 WL 517469, at *8 (D.S.C. Feb. 6, 2014), *appeal dismissed,* 575 F. App'x 113 (4th Cir. 2014).

way, preventing him from timely filing his habeas petition. "[E]quitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible."*Bogan v. South Carolina*, 204 F. App'x 160, 160-61 (4th Cir. 2006).  There is no evidence in the record as to why Petitioner did not pursue his rights within the statute of limitations.  If the Petitioner was not aware of the statute of limitations, he is still not entitled to equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") Additionally, when the Petitioner voluntarily dismissed his first petition for habeas relief, he was warned by the court that any subsequent petition would be untimely.[2] *See* Shabazz, C/A No. 2:14-CV-00747-MGL at ECF 27 (D.S.C. September, 5, 2014).

      An untimely petition may still be heard if a petitioner alleges he is actually innocent of the charges against him and the "evidence of innocence [is] so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).  The Petitioner must make a "credible showing of actual innocence." *Id.* at 1931.  "More specifically, a petitioner must show that it is 'more likely than not that no reasonable juror would have convicted him in light of the new evidence' presented." *Adkins v. Cartledge*, No. 1:12-CV-3131-MGL, 2013 WL 4459529, at *3 (D.S.C. Aug. 16, 2013) (quoting *McQuiggin,* 133 S.Ct. at 1935); *see also Clark v. Clarke,* No. 14-6615, 2016 WL 2731848, at *6 (4th Cir. May 11, 2016).

---

[2] In his Motion in Opposition to Summary Judgment, the Petitioner alleges that his previous petition was not dismissed but stayed. (Dkt. No. 13.)  Reviewing the record in C/A No. 2:14-CV-00747-MGL, the Petitioner is mistaken. *See* Shabazz, C/A No. 2:14-CV-00747-MGL at ECF 42 (D.S.C. December 17, 2014) (order dismissing the petition without prejudice).

The Petitioner alleges he is actually innocent of his crimes. (Dkt. No. 1-1 at 2-7.) The Petitioner alleges that the ineffective assistance of his trial counsel constitutes constitutional error proving his innocence. The Petitioner has not presented any newly discovered evidence as required by *McQuiggen*. He merely has tried to re-couch his ineffective assistance of counsel ground as evidence he is actually innocent and argue that it was his trial counsel's errors that led to his conviction. The Petitioner has not made a credible showing of actual innocence. The Petitioner is not entitled to equitable tolling of the statute of limitations and has failed to show that no reasonable juror would have convicted him in light of any new evidence. Therefore this court recommends that the Respondent's Motion for Summary Judgment (Dkt. No. 9.) be granted.

## RECOMMENDATION

Accordingly, the undersigned magistrate judge **RECOMMENDS** that the Respondent's Motion for Summary Judgment (Dkt. No. 9) be **GRANTED.**

**IT IS SO RECOMMENDED.**

June 29, 2016

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).